HON. FLOYD PATTERSON Commissioner, State Athletic Commission
This is in response to your letter wherein you ask for my opinion as to whether there is any conflict of interest or violation of the State's statutes, rules or regulations for an inspector of the State Athletic Commission who is paid by the State on a per diem basis to be licensed also by the Commission as a judge. You state that such person "would never be serving in both positions at the same time nor would he ever be reviewing or monitoring his own work."
The statue describing the composition and duties of the State Athletic Commission is contained in Unconcolidated Laws, §§ 8901-8933. Section 8902 provides, in part, as follows:
 "The commission may employ such other officers, employees and inspectors as may be necessary to administer the provisions of this act and fix their salaries within the amount appropriated therefor by the legislature."
The commission appoints both inspectors and judges and assigns duties for each. The duties of inspectors include reporting infractions, violations of law or unusual occurrences, checking the ring and equipment to see that they satisfy commission standards, and keeping records of box office ticket sales.
The per diem payment to the inspector is a state expenditure authorized by section 8902 of Unconsolidated Laws. Although a judge must be licensed by the State Athletic Commission, the remuneration for such a position is not paid by the State, but rather is paid privately in accordance with Title 19, section 210.4 of the New York Codes of Rules and Regulations which reads as follows:
 "At all boxing and wrestling programs each ring official on duty directed by the commission to be in attendance thereat, shall be paid by the licensed promoting corporation in such sum and amounts as the commission shall order the licensed promoting corporation to pay in accordance with the schedule furnished to the said promoting corporation and on file with the commission."
While nowhere in section 8902 or any other section of Unconsolidated Laws, §§ 8901-8933 is there any explicit prohibition against persons in the position therein designated serving in other capacities, it is my opinion that there is an inherent conflict of interest in the prospect of the same individual acting in the dual capacity of referee and judge at various times.
As I stated in 1968 Op. Atty. Gen. 15, "in determining the absence of any incompatibility or conflict between a particular State position and any employment outside of State service it must be found that there is no possibility, however remote, for the impairment of independent judgment on the part of the State employee in the discharge of his official duties or the slightest opportunity for biased judgment favorable to the State employee for the purpose of personal gain or otherwise furthering his personal interest." In reviewing the duties of the two positions in question, I find that the possibility exists that an inspector may review the activities of a judge and thereby result in the possible impairment of his independent judgment.
In an area such as that of which the State Athletic Commission has jurisdiction, it is, in my view, particularly essential that the appearance of impropriety as well as actual impropriety be avoided (SeeMatter of London Sporting Club, Inc. v. Helfand, 3 Misc.2d 431, 436
(Supreme Court, New York County, 1956), affirmed 6 A.D.2d 775). The success of the sports depends in large part on public confidence. This confidence cannot but be impaired by even the appearance of a conflict of interest inherent in the same person serving as inspector and as judge.
From all of the foregoing, I find that where an inspector of the State Athletic Commission is also licensed by the Commission as a judge, situations could arise where there would be actual or apparent conflict and, therefore, the same person should not hold the two positions or perform both functions.